1. WILLS—TRUSTS IN PERSONALTY—REMAINDERS—VALIDITY.

   A will created a fund, giving certain residuary legatees an estate therein, as tenants in common, for the life of one C., who was not a residuary legatee, and also an estate in a portion of the fund in the executor, as trustee for the daughter of C., for her life, and an estate in another portion of the fund in the trustee for another daughter of C. for life, and also an estate in the residuary legatees, as tenants in common, for the remainder. *Held*, that under Laws 1896, p. 565, c. 547, § 34, providing that the remainder shall not be created on an estate for life of any other person than the grantee of such estate unless such remainder be in fee, nor shall a remainder be created on the estate for years, unless it be for the whole residue of such estate, the bequests to the executor, as trustee for such daughters, were void.

In the Matter of the Estate of William Bogardus.  Proceedings on the judicial settlement of the account of the executor.

Jeroloman & Arrowsmith, for executor.
Archibald C. Shenstone, for objector.
Jacob S. Van Dyke, for Caroline Bogardus.
Gustavus L. Kroley, for Clara B. Lounsberry.
Albert J. Graeffe (Charles H. Beckett, of counsel), for guardians.
Andrew B. McKean and Raymond M. Lowes, special guardians.

THOMAS, S.  The funds in the hands of the executor, in excess of the amount necessary to set up the trust, under the fifth clause of the will, to raise an annual income of $1,000, and apply the same to the support and use of Abraham Bogardus, are disposed of by the tenth clause, as modified by the first codicil, and by the thirteenth clause. By the tenth clause they are to be used to set up two trusts for the two daughters of Cornelius Bogardus for their respective lives, but this is not to be done until the death of Cornelius.  By the thirteenth clause all of the undisposed of residue is given to numerous persons, of whom Cornelius Bogardus is not one, but including his two daughters.  The estates in this property as intended to be created were:  (1) An estate in the said residuary legatees as tenants in common for the life of Cornelius Bogardus, who is not one of them; (2) an estate in a part of the fund in the executor, as trustee for Alida Bogardus, one of the daughters of Cornelius, for her life, and an estate in another part of the fund in the executor, as trustee for Claribel Bogardus, the other daughter of Cornelius, for her life; and (3) an estate in the residuary legatees, as tenants in common, for the remainders.  In other words, the estate attempted to be created in the executor, as trustee for Alida, is a remainder less than a fee, after an estate for the life of Cornelius Bogardus, who is a person other than the grantees and devisees of such life estate.  The same statement applies to the trust for Claribel.

This is in direct conflict with section 34 of the real property law (Laws 1896, p. 565, c. 547), which is as follows:

"A remainder shall not be created on an estate for the life of any other person than the grantee or devisee of such estate, unless such remainder be in

fee; nor shall a remainder be created on such an estate in a term of years, unless it be for the whole residue of such term."

In this respect the rule is the same for personal property as for real property. Personal Property Law, Laws 1897, p. 508, c. 417, § 2; Manice v. Manice, 43 N. Y., at page 382. It follows that the bequests to the executor, as trustee for the purposes of these trusts, are void, and that the said funds must now be distributed to the residuary legatees.

The trusts for Abraham Bogardus and Cornelius Bogardus are conceded to be valid, and the validity of the trusts for the daughters of Cornelius in the property held for the lives of Abraham and Cornelius, respectively, cannot now be determined.